UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JUAN R. MOSQUERA a/k/a
Juan Bilan and Juan R. Mosquera Bilan,

                                        Plaintiff,

        v.                                                              9:19-CV-0442
                                                                        (GTS/ATB)

HAROLD D. GRAHAM, et al.,

                                        Defendants.

_____

APPEARANCES:

JUAN R. MOSQUERO
12-A-1601
Plaintiff, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

### I.      INTRODUCTION

On August 27, 2019, the Clerk of Court entered a Judgment dismissing this action in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  *See* Dkt. No. 15.  On September 10, 2019, Plaintiff filed a Notice of Appeal.  Dkt. No. 16.  On September 30, 2019, Plaintiff filed a Motion to Vacate the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Dkt. No. 18.  On March 11, 2020, the Second Circuit dismissed the appeal

1

because it "lacks an arguable basis either in law or in fact." *See Mosquera v. Graham, et al.* No. 19-2973, Dkt. No. 75 (2d Cir. 2020).

## II.    MOTION TO VACATE

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) for any other reason that justifies relief.   Fed. R. Civ. P. 60(b).  "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Esposito v. New York*, No. 07–CV–11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) (citation omitted).  Rule 60(b) of the Federal Rules of Civil Procedure provides "extraordinary judicial relief" which should be granted "only upon a showing of exceptional circumstances." *Barton v. Troy Annual Conf*., No. 09–CV–0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011) (McAvoy, J.).  It may not be used as a substitute for an appeal, and a claim based on legal error alone is inadequate. *United Student Aid Funds, Inc. v. Espinosa*, —— U.S. ——, 130 S.Ct. 1367, 1377 (2010); *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (citing *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir.1986) ).

The decision whether to afford relief rests with the "sound discretion of the district court." *Garcia v. Myears*, No. 13-CV-0965, 2015 WL 1015425, at *2 (W.D.N.Y. March 9, 2015). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner,

and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation and internal citations omitted).

Here, Plaintiff has failed to satisfy the basic requirements for Rule 60(b) relief. Plaintiff's motion is nothing more than an attempt to relitigate the merits of his original claims. Therefore, the Court will not now entertain Plaintiff's arguments for a second time.  Simply stated, Plaintiff may not use this motion as an opportunity to reargue his original points.

Having thoroughly reviewed Plaintiff's arguments in support of his motion to vacate, the Court finds that Plaintiff presents no basis upon which the Court would vacate the August 2019 Judgment.  Thus, upon due consideration, Plaintiff has not established that relief under Rule 60(b) is warranted, and the motion to vacate is denied in its entirety.[1]

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion to vacate (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion (Dkt. No. 22) is **DENIED, as moot**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED**.

Dated: April 21, 2020
         Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1]       Plaintiff's motion seeking permission to attach an exhibit to his amended pleading (Dkt. No. 22) is denied, as moot.

3